IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANET COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-1174-F |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Ms. Janet Cooper applied for insurance benefits and supplemental security income based on an alleged disability. *See* Administrative Record at pp. 107-111 (certified Feb. 1, 2011) ("Record"). The Social Security Administration denied the applications,[1] and Ms. Cooper initiated the present action. In part, she alleges error in the administrative law judge's reliance on the grids to support the finding of no disability.[2] The Court should reverse the administrative decision and remand the action for further findings.

---

[1] Record at pp. 1-3, 8-17, 39-42.

[2] Ms. Cooper also alleges error in the consideration of a treating physician's opinion and a lack of substantial evidence to support the agency's assessment of residual functional capacity ("RFC"). But the Court need not consider these allegations in light of the suggested reversal on other grounds. *See infra* pp. 3-5; *see also Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

I.       STANDARD OF REVIEW

The Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Reversal is necessary if the agency had failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

II.      RELEVANT ADMINISTRATIVE FINDINGS

At step two, the administrative law judge concluded that Ms. Cooper suffered from "severe" impairments involving bipolar disorder, personality disorder, and dysfunction in the right hemisphere of her brain. Record at p. 11. At step four, the judge found that the Plaintiff could perform "simple" work at any exertional level. *Id.* Despite the finding of severe nonexertional impairments at step two, the administrative law judge applied the medical-vocational guidelines at step five to conclude that the Plaintiff was not disabled. *Id.* at p. 16. In doing so, the judge concluded that the nonexertional impairments had not significantly eroded the occupational base of unskilled work. *Id.* The judge explained:

> Where there is no exertional impairment, unskilled jobs at all levels of exertion constitute the potential occupational base for persons who can meet the mental demands of unskilled work. These jobs ordinarily involve dealing primarily with objects rather than with data or people, and they generally provide substantial vocational opportunity for person with solely mental impairments who retain the capacity to meet the intellectual and emotional demands of such jobs on a sustained basis. Thus, despite her nonexertional limitations, the claimant has a large potential occupational base and would ordinarily not be

> found disabled in the absence of extreme adversities in age, education, and work experience.

*Id.* at pp. 16-17 (citations omitted).

III. ERROR IN RELIANCE ON THE MEDICAL-VOCATIONAL GUIDELINES

At step five, the administrative law judge applied Rule 204.00 of the medical-vocational guidelines, more commonly known as the "grids," to conclude that the Plaintiff was not disabled. *Id.* at p. 16. This finding is incompatible with the judge's determination at step two that Ms. Cooper had "severe" nonexertional impairments.

A. The Administrative Law Judge's Duty at Step Five

At step five of the disability evaluation process, the burden shifts to the Social Security Administration to show that the claimant retains the ability to perform work which exists in the national economy. *See Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989). This burden may be met through the grids when the claimant's RFC, age, education, and work experience match a particular grid category. *See Gossett v. Bowen*, 862 F.2d 802, 806 (10th Cir. 1988).

B. When the Agency Can Rely on the Grids

"[T]he grids cannot be applied conclusively if a claimant has nonexertional limitations that significantly limit his 'ability to perform the full range of work in a particular RFC' category on a sustained basis." *Williams v. Bowen*, 844 F.2d 748, 752 (10th Cir. 1988) (citations omitted). Thus, the dispositive issue is whether the nonexertional impairments are considered "significant." *See Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993)

3

("an [administrative law judge] may not rely conclusively on the grids unless he finds . . . that the claimant has no significant nonexertional impairment").

### C. Error in the Administrative Law Judge's Reliance on the Grids

The administrative law judge erred in relying on the grids after having found "severe" nonexertional impairments at step two.

As stated above, the administrative law judge concluded that Ms. Cooper suffered from "severe" impairments involving bipolar disorder, personality disorder, and right hemisphere dysfunction in her brain. *See supra* p. 2. By definition, a "severe" impairment is one that significantly limits a claimant's physical or mental ability to perform basic work activities.[3] At step five, however, the judge concluded that the nonexertional impairments had not significantly eroded the occupational base for unskilled jobs. *See supra* pp. 2-3.

The judge's step two finding cannot be reconciled with the step five finding. The existence of severe nonexertional impairments at step two prevented the characterization of them as "insignificant" at step five.[4]

---

[3] *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) ("An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." (citation omitted)); 20 C.F.R. §§ 404.1520(c), 416.920(c) ("If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment . . . ."), §§ 404.1521(a), 416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.").

[4] *See Sandoval v. Barnhart*, 197 Fed. Appx. 801, 803 (10th Cir. Oct. 18, 2006) (unpublished op.) (stating that characterization of back pain as a severe impairment prevents conclusive reliance on the grids because the "step-two finding makes it impossible to conclude at step four that [the claimant's] pain was insignificant"); *Baker v. Barnhart*, 84 Fed. Appx. 10, 13 (10th Cir. Dec. 10, 2003) (unpublished op.) ("The [administrative law judge's] step-two finding [of severe pain] makes

4

The Defendant argues that the judge had properly relied on the grids because he had determined that the occupational base for unskilled work had not been eroded. But this argument ignores the judge's characterization of the nonexertional impairments as "severe" at step two. This characterization is impossible to reconcile with a finding at step five that the occupational impact was "insignificant." Accordingly, the Court should conclude that the administrative law judge had erred in relying on the grids to find the Plaintiff not disabled.

IV.     RECOMMENDATION

With this conclusion, the Court should reverse the determination of the Social Security Administration and remand for further findings.

V.      NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2006). The deadline for objections is October 17, 2011. *See* Fed. R. Civ. P. 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[5]

VI.     STATUS OF THE REFERRAL

The referral is discharged.

---

it impossible to conclude at step four that her pain was insignificant, and he therefore erred by relying conclusively on the grids.").

[5]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 30th day of September, 2011.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge